United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PRISILA DE LOS ANGELES SILVA-OSORIO, <br> Petitioner, | § <br> § <br> § <br> § <br> § | CIVIL ACTION NUMBER <br> 4:26-cv-03142 |
| versus | § <br> § <br> § | JUDGE CHARLES ESKRIDGE |
| MARKWAYNE MULLIN, *et al*, <br> Respondents. | § <br> § <br> § | |

## ORDER OF DISMISSAL

Petitioner Prisila De Los Angeles Silva-Osorio filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 19, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b)(2), after previously being released on her own recognizance pursuant to 8 USC §1226(a), violates (i) the Immigration and Nationality Act, (ii) the Due Process Clause of the Fifth Amendment, (iii) the Administrative Procedure Act, (iv) equal protection, (v) the Suspension Clause, and (vi) the *Accardi* doctrine. Id at ¶¶75–154.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends that Petitioner's claims fail on the merits. Id at 3–18.

Petitioner on reply flagrantly exceeded prescribed word limits without permission. See Court Procedure 18(c). Regardless, in addition to reasserting her substantive claims at length, she argues that her procedural due

process claim is premised on her prior release on recognizance pursuant to 8 USC §1226(a). Dkt 6.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims

under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

The arguments presented in the petition and reply raise only issues resolved to the contrary in the decisions cited above. In particular, the petition makes clear that the original notice to appear dates to August 9, 2021, while the one submitted with the petition establishes that Petitioner "has not been admitted or paroled." See Dkts 1 at ¶2 & 1-3 at 1. Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Prisila De Los Angeles Silva-Osorio is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 27, 2026__ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

3